JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NBG PROPERTIES, LLC, | NO. CV 13-2817 FMO (VBKx) |
| Plaintiff, | |
| v. | **ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |
| SIDNEY HUDDLESTON AND DOES I-III, INCLUSIVE, | |
| Defendants. | |

On April 22, 2013, defendant Sidney Huddleston ("defendant"), having been sued in what appears to be a routine unlawful detainer action in California state court, filed a "Removal From Los Angeles County Superior Court" ("Notice of Removal") of that action to this court.  The court hereby sua sponte remands this action to state court for the following reasons pursuant to 28 U.S.C. §§ 1447(c).[1]  See also Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.") (citation omitted); Washington v. United Parcel Service, Inc., 2009 WL 1519894, at *1-2 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by

---

[1] 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

motion or sua sponte) (citations omitted).

A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (citations omitted).  Here, the court's review of the Notice of Removal and the attached Complaint make it clear that this court has neither federal question nor diversity jurisdiction over the instant matter.  (See, generally, Notice of Removal).

As an initial matter, plaintiff could not have brought this action in federal court in the first place, in that plaintiff does not competently allege facts supplying either federal question or diversity jurisdiction, and therefore removal was improper.  See 28 U.S.C. §§ 1441(a);[2] see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).  The state court complaint attached to the Notice of Removal contains a single cause of action for unlawful detainer pursuant to California Code of Civil Procedure § 1161a.  (See Notice of Removal, Exh. A ("Complaint")).  The state court complaint discloses no federal statutory or constitutional question. See Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal. 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); see also Indymac Fed. Bank., F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. 2010) ("No federal claim is alleged in the Complaint," where "[t]he Complaint contains a single cause of action for unlawful detainer.").

Further, there is no basis for diversity jurisdiction because the amount in controversy does

---

[2] 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

not exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332.[3] On the contrary, the caption of the Complaint recites that the amount in controversy is "up to $10,000." (See Complaint at 1); see also Cal. Rules of Court 2.111(9). The only other reference to the amount in controversy is in plaintiff's prayer for relief, which requests damages "in the sum of $60.00 per day for March 2, 2013 and for each day thereafter that the defendant continues in possession of said premises, until the date of judgment herein," and for "cost of suit." (See Complaint at 4). Because the amount of damages that plaintiff seeks appears to be $75,000 or less, defendant fails to meet his burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, [defendant] should have proven, by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation marks and citations omitted). Further, defendant appears to be a citizen of the State of California, (see Complaint at ¶¶ 1, 4); 28 U.S.C § 1441(b)(2),[4] and plaintiff also appears to be a citizen of California, (see Complaint at ¶ 1), thereby destroying any basis for diversity jurisdiction. Regardless, defendant has not satisfied his burden to establish diversity jurisdiction. See 28 U.S.C. § 1332(a); Valdez, 372 F.3d at 1117; Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (where the district court remanded based on two independent grounds of diversity of citizenship and amount in controversy, the Ninth Circuit concluded that either was sufficient).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

---

[3] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]"

[4] Title 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of California, Los Angeles County, Southwest District, Inglewood Courthouse, One Regent Street, Inglewood, CA 90301, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 28th day of May, 2013.

                                                        /s/
                                    Fernando M. Olguin
                                 United States District Judge